ORIGINAL

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Criminal Division
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100 PJKK, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541 2850
Facsimile: (808) 541-2958
Email: Ken.Sorenson@usdoj.gov

ROBERT E. WALLACE, JR.
Senior Trial Attorney
United States Department of Justice
Criminal Division
Counterespionage Section
1400 New York Ave., NW
Washington, DC 20005
Telephone: (202) 514-1187
Facsimile: (202) 514-2836
Email: Robert.Wallace@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 13 2014
at ___ o'clock and 07 min, ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 14-00329 LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| vs. ) | Date: March 13, 2014 |
| ) | Time: 1:30 p.m. |
| BENJAMIN PIERCE BISHOP, ) | Judge: Kevin S.C. Chang |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, BENJAMIN BISHOP, and his attorney, Birney Bervar, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the Information with violations of Title 18, United States Code, Section 793 (d) and (e).

2.  Defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Counts 1 and 2 of the Information. Count 1 charges the Defendant with willfully communicating information related to the national defense to a person not entitled to receive it. Count 2 charges the Defendant with willfully retaining information related to the national defense. In return for his plea of guilty to Counts 1 and 2 of the Information, the government agrees that it will not seek to charge the Defendant with additional charges related to his willful communication of

national defense information or willful retention of national defense information. Nor will the government seek to prosecute Defendant for his conduct in allegedly submitting a false claim to the Department of Defense related to a claim for residential rental expenses while residing at his personal residence. With respect to the retention and communication of classified information, these concessions are limited to information known to the government at the time of this agreement for material willfully retained by Defendant at his personal residence and for willful communications of information relating to the national defense by Defendant to PERSON 1.[1] Defendant, in turn, agrees that any information, statement(s) or testimony offered by Defendant at and during his Rule 11 plea colloquy in this case shall be admissible as evidence in any trial or subsequent proceeding should Defendant successfully withdraw his plea of guilty entered pursuant to this agreement. Additionally, Defendant knowingly waives any right or claim he has, or may have had, following his arrest and presentment, to a preliminary hearing or indictment pursuant to 18 U.S.C. § 3161. Defendant has chosen to waive any such claim in order that he and his counsel may review the voluminous classified and unclassified

---

[1] The identity and nationality of PERSON 1 has been revealed to, and is known by, Defendant and his defense counsel.

materials and discovery in this complex case prior to formal charges being filed.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of willful retention of information related to the national defense and willful communication of information related to the national defense to a person not entitled to receive it.

7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. For Count 1, the maximum penalty is 10 years imprisonment, a fine of $250,000, and a period of supervised release for not more than 3 years.

    b. For Count 2, the maximum penalty is 10 years imprisonment, a fine of $250,000, and a period of supervised release for not more than 3 years.

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $200 to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a

4

form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

   8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which Defendant is pleading guilty:

   a. During all times relevant to the charges, Defendant was a reserve U.S. Army Special Forces Officer who served in an active duty military status until it was terminated on April 30, 2012, during which time he was assigned to U.S. Pacific Command (PACOM) staff. Defendant was subsequently employed as a civilian contractor for a U.S. defense contractor with a Top Secret contract with PACOM. Through all times relevant to this Information Defendant has held a TOP SECRET clearance with Sensitive Compartmented Information (SCI) access.

   b. In the scope of his official duties both as an officer and contractor at PACOM, Defendant was routinely provided access to classified information relating to the national defense that concerned the methods by which PACOM forces conduct both cyber defense operations as well as a full range of strategic operational activities. These areas included the planning and development of strategy and policy in connection with PACOM's efforts to counter weapons of mass

5

destruction, national-level nuclear deterrence policy and planning, as well as ballistic missile defense.

      c.   Classified information is defined by Executive Order 13526 as information in any form that: (1) is owned by, produced by or for, or under the control of the United States government; (2) falls within one or more of the categories set forth in Section 1.4 of the Order (including intelligence sources or methods, cryptology, military plans, weapons systems and vulnerabilities or capabilities of systems, installations, projects, or plans relating to the national security); and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security. Where the unauthorized disclosure of classified information could reasonably result in "serious" damage to the national security, the information may be classified "SECRET."

      d.   BISHOP, in connection with his employment with the United States Army and at PACOM, entered into several agreements either with, or at the behest of, the United States government proscribing the unauthorized disclosure of classified information he acquired or learned as part of the performance of his official duties. These agreements instructed Defendant on the restrictions related to the handling and storage of classified information, and his duty of non-disclosure of

classified information to unauthorized persons. These agreements also warned Defendant that violation of these restrictions could result in criminal penalties, including penalties related to violations of Title 18, United States Code, Section 793.

   e. On or about March 15, 2013, Defendant willfully and unlawfully possessed and retained at his residence documents containing information classified by the U.S. government at the SECRET level. Defendant knew he was not authorized to possess and retain such classified documents at his personal residence and failed to deliver such documents to an officer or employee of the United States entitled to receive it. Specifically, Defendant willfully retained the following documents classified by the U.S. Government at the SECRET level at his personal residence:

   1. U.S. Armed Forces: Defense Planning Guide FY2014-2018;

   2. Optimizing U.S. Force Posture in the Asia-Pacific;

   3. Initiative Summary Sheet: MQ-9 Reaper UAV;

   4. Background Paper on Extended Deterrence and Assurance Capabilities in the Pacific;

   5. Air Force Extended Deterrence Capabilities;

   6. Extended Deterrence and Force Employment Planning;

   7. U.S. Department of Defense China Strategy;

        8.    National Geospatial Intelligence Agency (NGA) Satellite Image dated February 2013;

        9.    USPACOM Joint Intelligence Operations enter (JIOC) Special Report dated January 2013;

        10.   2010 Guidance for Employment of Force (GEF).

     f.   At the time of the offense, Defendant had reason to believe that each of the above-entitled documents were (1) closely held by the U.S. government, and (2) could be used to the injury of the United States or to the advantage of a foreign nation.

     g.   On or about May 12, 2012, Defendant willfully communicated, in an email attachment entitled "Comments on Extending Deterrence from the Triad", to PERSON 1, classified U.S. national defense information related to joint training and planning sessions between the United States and the Republic of Korea, which information related to the national defense and was classified at the SECRET level.  Defendant made such communication while knowing that Person 1 did not possess a U.S. security clearance and was not entitled to receive U.S. classified information.  At the time of the communication, Defendant had reason to believe that such information could be used to the injury of the United States or to the advantage of a foreign nation.

   h. The information communicated by the Defendant to PERSON 1 is now, and was at the time of the offense, closely held by the U.S. government.

  9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

  10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline Section 3E1.1(b)(2), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the

prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

      b.   Defendant understands that, with his entry of guilty pleas to the charges in the Information, which set forth violations of Title 18, United States Code, Section 793(d) and (e), and upon sentencing in this case for these violations of the Espionage Act, the provisions of Title 5, United States Code, Section 8132 may operate to preclude him from receiving any annuity or retirement pay from the U.S. government. Defendant knowingly enters into this plea fully aware of the effect his plea to the charges in the Information may have upon his military retirement benefits.

      11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

      12.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in

dispute for the purpose of sentencing of Defendant in connection with this matter:

    a. Whether or not the Defendant should receive an adjustment under the United States Sentencing Guidelines for abuse of a position of trust pursuant to USSG § 3B1.3.

    13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to

appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. The Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after

hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

        d.    At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        e.    At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

        17.    Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

        18.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials, officers and agents of the United States Navy and any other military or intelligence agency of the United States government, and to representatives of the

United States Attorney=s office or of the United States Department of Justice at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

   c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Information or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

   d. Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

   22. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement or military officials as set forth in paragraph 21(b) of this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said

statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense, or in the investigation of other activities deemed by the United States Attorney or the United States Department of Justice to be of interest and value to United States law enforcement or military agencies. Defendant understands that:

 a. The decision as to whether to make such a request or motion is entirely within the discretion of the government.

 b. This Agreement does not require the government to make such a request or motion.

 c. This Agreement confers neither any right upon the Defendant to have the government make such a request or motion, nor any remedy to Defendant in the event the government fails to make such a request or motion.

d. Even in the event that the government makes such a request or motion, the Court may refuse to depart from the Advisory Guidelines established by statute.

DATED: Honolulu, Hawaii, _MARCH 13, 2014_.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_/s/ Leslie E. Osborne, Jr._
LESLIE E. OSBORNE, JR.
Chief, Fraud & Financial Crimes

_/s/ Ken Sorenson_
KENNETH M. SORENSON
Assistant U.S. Attorney

_/s/ Ken Sorenson (FOR)_
ROBERT E. WALLACE, JR.
Senior Trial Attorney
U.S. Department of Justice
National Security Division
Counterespionage Section

_/s/ Benjamin Bishop_
BENJAMIN BISHOP
Defendant

_/s/ Birney Bervar_
BIRNEY BERVAR, Esq.
Counsel for Defendant

18